IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MICHAEL KEITH BOYD, 765753,<br>    Petitioner, | )<br>)<br>) |
| v. | )   No. 3:12-CV-1240-O |
| | ) |
| WILLIAM STEPHENS,[1] Director, Texas<br>Dept. Of Criminal Justice, Correctional<br>Institutions Division,<br>    Respondent. | )<br>)<br>)<br>) |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The Findings, Conclusions and Recommendation of the Magistrate Judge are as follows:

**I.  Background**

Petitioner filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. His claims involve four different cases.

In 1996, Petitioner was sentenced to three, six-year concurrent terms in prison in cause numbers F-91-57427-U, F-91-57429-U and F-91-57431-U in Dallas County, Texas. Petitioner has discharged those sentences. (Resp. Ex. A.)

On September 13, 1996, Petitioner was found guilty in a fourth case. *State of Texas v. Michael Keith Boyd*, No. F-96-02619 (291st Jud. Dist. Ct., Dallas County, Tex. Sept. 13, 1996).

---

[1]Effective June 1, 2013, William Stephens replaced Rick Thaler as Director of TDCJ-CID.  Pursuant to Fed. R. Civ. P. 25(d), Stephens is automatically substituted as a party.

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judg**       Page -1-

He was sentenced to life in prison.  On March 25, 1999, the Fifth District Court of Appeals affirmed Petitioner's conviction and sentence.  *Boyd v. State*, No. 05-96-01516-CR (Tex. App. – Dallas 1999, pet. ref'd).  On September 29, 1999, the Court of Criminal Appeals refused Petitioner's petition for discretionary review.  PDR No. 1221-99.

On January 18, 2001, Petitioner filed a state petition for writ of habeas corpus.  *Ex parte Boyd*, No. 74,121.  On October 24, 2001, the Court of Criminal Appeals granted relief and remanded the case back to the trial court for a new punishment hearing.  *Ex parte Boyd*, 58 S.W.3d 134, 136 (Tex. Crim. App. 2001).  On July 30, 2002, Petitioner accepted a plea offer of twenty years in prison.  Under the plea agreement, this twenty-year sentence would be stacked on top of his previous sentences in cause numbers F-91-57427, F-91-57428 and F-91-57431.  Petitioner did not file an appeal.  On March 29, 2010, Petitioner filed a state habeas petition.  *Ex parte Boyd*, No. 48,795-05.  On August 25, 2010, the Court of Criminal Appeals denied the petition without written order on the findings of the trial court.

On April 18, 2012, Petitioner filed the instant § 2254 petition.  He argues:

1. His guilty pleas in all of his cases were involuntary "due to the impossibility of the plea agreement terms (i.e. parole eligibility consideration) to become fulfilled."

2. TDCJ denied him due process when it recalculated his sentences from concurrent to consecutive;

3. He received ineffective assistance of counsel in cause number F-96-02619-U when counsel misinformed him regarding parole eligibility;

4. TDCJ violated the Ex Post Facto Clause when it recalculated his parole eligibility;

and

5. The prosecutor coerced Petitioner into accepting the twenty year plea agreement in cause number F-96-02619-U.

## II.  Discussion

**1.  Cause Numbers F-91-57427, F-91-57428 and F-91-57431**

Petitioner has fully served his sentences in cause numbers F-91-57427, F-91-57428 and F-91-57431.  A federal court has jurisdiction to consider a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a) (West 2012).  A petitioner is not "in custody" for a particular conviction when he "suffers no present restraint" from the challenged conviction. *Maleng v. Cook*, 490 U.S. 488, 492 (1989).  "[O]nce the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." *Id*.

In this case, these three convictions have been fully served.  They were also not used to enhance Petitioner's conviction in F-96-02619.  The Court therefore lacks jurisdiction to consider Petitioner's claims regarding these convictions.

**2.  Statute of Limitations in Cause Number F-96-02619**

Petitioner's claims regarding cause number F-96-02619 are barred by the statute of limitations under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  The AEDPA establishes a one-year statute of limitations for federal habeas proceedings. *See* Antiterrorism and Effective Death Penalty Act, Pub.L. 104-132, 110 Stat. 1214 (1996).

### A.     Grounds Three and Five

In ground three, Petitioner argues his counsel told him during the plea hearing that his twenty year sentence would run concurrently to his three six-year sentences. In ground five he claims the prosecutor coerced him into accepting the twenty-year plea agreement.

For these claims, the limitations period began to run when the judgment became final. *See* 28 U.S.C. § 2244(d)(1)(A).[2] Petitioner was sentenced on July 30, 2002. He did not file an appeal. His conviction therefore became final thirty days later on August 29, 2002. *See* Tex. R. App. P. 26.2(a); *see also Roberts v. Cockrell*, 319 F.3d 690, 694-95 (5th Cir. 2003) (state conviction becomes final for limitations purposes when time for seeking further direct review expires, regardless of when mandate issues). Petitioner then had one year, or until August 29,

---

[2]The statute provides that the limitations period shall run from the latest of--

> (A)     the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking direct review;
>
> (B)     the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

2003, to file his federal petition.

Under 28 U.S.C. § 2244(d)(2), the limitations period is tolled during the pendency of state habeas proceedings or other collateral review. Petitioner, however, did not file his state habeas petition until March 29, 2010, which was after the one-year AEDPA limitations period expired.

Petitioner was required to file his claims by August 29, 2003. He did not file his claims until April 18, 2012. The claims are therefore untimely.

B. Grounds One, Two and Four

In grounds one, two and four, Petitioner challenges TDCJ's 2008 recalculation of his parole eligibility. In 2008, TDCJ corrected an error regarding the date on which cause number F-96-02619 would begin to run. (Resp. Ex. A.) The Director does not know the date in 2008 that this error was corrected. (Resp. at 12.) The Court will therefore use the date that Petitioner filed his state habeas petition challenging the 2008 recalculation as the date Petitioner became aware of claims. *See* 28 U.S.C. § 2244(d)(1)(D).

Petitioner filed his state habeas petition on March 29, 2010. The AEDPA limitations period was tolled until the Court of Criminal Appeals denied the petition on April 25, 2010. Petitioner then had one year, or until April 25, 2011, to file his federal petition. He did not file his petition until April 18, 2012. These claims are therefore untimely.

3. Equitable Tolling

The one-year limitation period is subject to equitable tolling in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to

**Findings, Conclusions and Recommendation
of the United States Magistrate Judg**     Page -5-

determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)).  The Fifth Circuit has held that " '[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.' " *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir.1996)).  Petitioner bears the burden of proof to show he is entitled to equitable tolling.  *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

Petitioner argues he is entitled to equitable tolling based on newly discovered evidence.  He states that on October 13, 2011, TDCJ sent a letter to Senator John Whitmire explaining its calculation of Petitioner's sentences.  (Reply Appx. A.)  Petitioner claims the statute of limitations should run from the date of this October 13, 2011, letter.  Petitioner, however, raised his claims in his March 29, 2010, state habeas petition.  He was therefore aware of his claims on that date.  Petitioner has failed to show rare and exceptional circumstances justifying equitable tolling in this case.

**RECOMMENDATION**:

The Court recommends that the petition for a writ of habeas corpus be dismissed with prejudice as barred by the one-year limitations period.  *See* 28 U.S.C. §2244(d).

Signed this 27th day of June, 2013.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).